UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-CR-10459-RWZ-52

UNITED STATES

v.

JOEL FRANCISCO

ORDER

May 4, 2021

ZOBEL, S.D.J.

Defendant has been in the custody of the state of Rhode Island for pending state charges since October 19, 2019.  On December 4, 2019, he was indicted in this court for conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846.  On March 3, 2021, he was sentenced to 24 months incarceration for the federal offense "to commence on March 3, 2021 and to run concurrently with any sentence to be imposed in the Providence County Superior Court."  Before me now is defendant's pro se Motion to Correct Omission in Judgment, Docket # 1813.  He seeks an amended judgment stating that he is to be credited for all the time he has been in custody from the day of his arrest in October 2019 until his sentence expires.

Defendant may be entitled to this credit pursuant to 18 U.S.C. § 3585(b)(2)[1] and he can request that the Bureau of Prisons (BOP) make the designation.  See United

---

[1] 3585. Calculation of a term of imprisonment

States v. Wilson, 503 U.S. 329, 333, 335 (holding that a district court "cannot apply §3585(b) at sentencing" and clarifying that the Attorney General, through the BOP, must "make the determination as an administrative matter when imprisoning the defendant."). "Once administrative remedies are exhausted [through the BOP], see 28 C.F.R. §§ 542.10–542.16, prisoners may then seek judicial review of any jail-time credit determination by filing a habeas petition under 28 U.S.C. § 2241." See Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999) (citing Wilson, 503 U.S. at 335). Defendant has not exhausted his administrative remedies.[2] His motion to amend is therefore DENIED.

<br>

May 4, 2021
_____
DATE

_____
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

---

(b) Credit for Prior Custody.— A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

    (1) as a result of the offense for which the sentence was imposed; or

    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

    that has not been credited against another sentence.

[2] Defendant cites to U.S.S.G. § 5G1.3(c) for the proposition that this court has the authority to give him credit for the time he has been in state custody. First, U.S.S.G. § 5G1.3(c) concerns situations where a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the offense of federal conviction. The pending state charges are not relevant conduct as defined by U.S.S.G. §1B1.3. Even if § 5G1.3(c) were applicable, it only states that the sentence "shall be imposed to run concurrently" to the anticipated state sentence. It is silent on the issue of jail-time credit.